

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 07-CR-239-SWS |
| ESTEBAN CORNELIO-LEGARDA, | |
| Defendant. | |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REINSTATED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

This matter comes before the Court following remand from the Tenth Circuit for reconsideration of Defendant Esteban Cornelio-Legarda's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) due to recent Tenth Circuit caselaw. (Docs. 937, 938). Mr. Cornelio-Legarda filed a post-remand supplement (Doc. 940) and the Government responded (Doc. 941). Having considered the parties' arguments, reviewed the record herein, and being fully advised, the Court agrees with the Government that a sentence reduction, but not immediate release, is warranted in this particular case.

## BACKGROUND

In 2008, a jury found Mr. Cornelio-Legarda guilty of having committed several crimes:

- One count of conspiring to possess and distribute more than 50 grams of methamphetamine (Count One);

- One count of distributing methamphetamine (Count Four);

- One count of possessing methamphetamine with intent to distribute (Count Twenty-Four);

- One count of being an unlawful drug user in possession of a firearm (Count Nine);

- One count of being a felon in possession of a firearm (Count Ten);

- Two counts of laundering money or monetary instruments (Counts Two and Eighteen); and

- Three counts of using a communication facility to commit a drug felony (Counts Fourteen, Fifteen, and Seventeen).

(Doc. 521.) Mr. Cornelio-Legarda had three prior felony drug offenses in state court, and the Government filed an information under 21 U.S.C. § 851 prior to trial asserting he faced a mandatory life sentence if he was convicted of the methamphetamine conspiracy charged in Count One. (Doc. 433.) Consequently, he was sentenced to life imprisonment on Count One, 30 years each for methamphetamine distribution (Count Four) and methamphetamine possession (Count Twenty-Four), and lesser sentences on the remaining counts, with all counts to run concurrently to each other. (Doc. 606.) A direct criminal appeal and two motions under 28 U.S.C. § 2255 were unsuccessful in relieving Mr. Cornelio-Legarda from his convictions or sentence. (Docs. 528, 552, 607, 751, 787, 815, 840, 841, 843, 844, 847, 862.)

In April 2020, Mr. Cornelio-Legarda filed the pending motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on "extraordinary and compelling circumstances." (Doc. 916.) He asked that his sentence be reduced to time served.

(Doc. 916 p. 1.) The Court dismissed the motion after finding insufficient extraordinary and compelling reasons in support of his motion. (Doc. 925.) Mr. Cornelio-Legarda appealed to the Tenth Circuit (Doc. 931), and the Tenth Circuit remanded the matter for further consideration in light of the intervening decisions of *United States v. McGee*, 992 F.3d 1035, 1039 (10th Cir. 2021), and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). Accordingly, this Court vacated its prior order of dismissal and allowed counsel to submit supplemental briefing on the issue. (Docs. 938, 940, 941.)

## DISCUSSION

Federal courts "generally lack jurisdiction to modify a term of imprisonment once it has been imposed." *United States v. Graham,* 704 F.3d 1275, 1277 (10th Cir. 2013) (citing *Dillon v. United States,* 560 U.S. 817, 819 (2010)). "[A] district court is authorized to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so." *United States v. Price,* 438 F.3d 1005, 1007 (10th Cir. 2006) (internal quotation marks and alterations omitted) (emphasis in original) (quoting *United States v. Green,* 405 F.3d 1180, 1184 (10th Cir. 2005)). Relevant here, one of the few limited circumstances where Congress has allowed a sentence modification is upon a motion under 18 U.S.C. § 3582(c)(1)(A), which permits a sentence modification as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act of 2018, only the BOP Director could petition a court on behalf of a prisoner for their compassionate release. The Act amended § 3582 to allow the prisoner to directly file a motion for sentence modification.

In summary, once a prisoner has satisfied the threshold requirement of Subsection (A) by exhausting their available administrative remedies,

> a district court may thus grant a motion for reduction of sentence … only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 932 F.3d 1035, 1042 (10th Cir. 2021). The Court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). "But when a 'district court grants a motion for compassionate release, it must of course address all three steps.'" *Id.* (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). "The moving

defendant bears the burden of establishing that 'compassionate release' is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion." *United States v. Clark*, No. 09-20119-08-JWL, 2021 WL 1140690, at *2 (D. Kan. Mar. 25, 2021) (unpublished).

### 1. Administrative Exhaustion (Justiciability)

The Court agrees with the parties that Mr. Cornelio-Legarda has exhausted his available administrative remedies by requesting compassionate release from the warden of the facility, which was denied. (Doc. 916 p. 6; Doc. 919 p. 4.) His motion is therefore properly presented to the Court for consideration on its merits under § 3582(c)(1)(A).

### 2. Extraordinary and Compelling Reasons Warranting a Sentence Reduction Consistent with Applicable Policy Statement

It is up to the district court to decide what constitutes "extraordinary and compelling reasons," with guidance from applicable policy statements:

> We therefore conclude that district courts, in applying the first part of § 3582(c)(1)(A)'s statutory test, have the authority to determine for themselves what constitutes "extraordinary and compelling reasons," but that this authority is effectively circumscribed by the second part of the statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission pursuant to §§ 994(a)(2)(C) and (t). In other words, we conclude that Congress did not, by way of § 994(t), intend for the Sentencing Commission to exclusively define the phrase "extraordinary and compelling reasons," but rather for the Sentencing Commission to describe those characteristic or significant qualities or features that typically constitute "extraordinary and compelling reasons," and for those guideposts to serve as part of the general policy statements to be considered by district courts under the second part of the statutory test in § 3582(c)(1)(A).

*United States v. Maumau*, 993 F.3d 821, 834 (10th Cir. 2021). The Sentencing Commission's existing policy statement on this subject, Application Note 1 of § 1B1.13

in the United States Sentencing Guidelines (U.S.S.G.), "is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Id.* at 837. The Sentencing Commission has not promulgated a revised policy statement since the First Step Act was passed. *Id.* at 836. Consequently, where, as here, a motion for compassionate release based on the "extraordinary and compelling reasons" is filed directly by a prisoner, U.S.S.G. § 1B1.13 is not "applicable" and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id.* at 837.

Mr. Cornelio-Legarda's primary argument in favor of a sentence reduction is two-fold: (1) "there have been several changes in sentencing policies and the law that would lead to a much lower sentence if Cornelio-Legarda were before the Court today [for sentencing]," and (2) his "conduct and initiative during his incarceration demonstrate his rehabilitation." (Doc. 916 pp. 12, 13.) Neither factor alone would carry the day. *See McGee*, 992 F.3d at 1048 ("the fact a defendant is serving a pre-First Step Act mandatory life sentence imposed under § 841(b)(1)(A) cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)"); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). In Mr. Cornelio-Legarda's case, though, the combination of the factors and his circumstances warrant a sentence reduction.

The Government previously explained the First Step Act's amendment to the prior mandatory life sentence of 21 U.S.C. § 841(b)(1)(A):

> Among other things, the First Step Act of 2018 changed the mandatory minimum penalties for recidivists under 21 U.S.C. § 841(b)(1)(A). Before the First Step Act, § 841(b)(1)(A) required a "mandatory term of life imprisonment" for a defendant who committed his current offense "after two or more prior convictions for a felony drug offense have become final." After the First Step Act, however, § 841(b)(1)(A) requires "a term of imprisonment of not less than 25 years" for a defendant who committed his current offense "after 2 or more prior convictions for a serious drug felony or serious violent felony have become final."

(Doc. 919 pp. 2-3.) Accordingly, were Mr. Cornelio-Legarda to be sentenced for the same crimes now, he would not be subject to a mandatory life sentence on Count One; the Court agrees with the Government that he instead would be subject under the statute to a mandatory minimum term of at least 25 years (*see* Doc. 941 12-21).[1]

Congress has not made the First Step Act's sentencing amendment retroactive, but the amendment is a factor the Court considers when determining whether extraordinary and compelling reasons support Mr. Cornelio-Legarda's motion for sentence reduction. The difference in the mandatory minimum sentences is significant.

The Court also agrees with the Government that Mr. Cornelio-Legarda's rehabilitation efforts in prison have been unique and exceptional. (Doc. 941 pp. 22-23; *see also* Doc. 916 pp. 13-14; Doc. 916-1 pp. 33-173 (many certificates of completion, positive progress reports, and skilled artwork); Doc. 940 pp. 9-11; Doc. 940-1 p. 14.) Mr. Cornelio-Legarda has demonstrated exemplary behavior in prison, and he has become a mentor and positive role model to other prisoners. (Doc. 940 pp. 9-11.) His post-conviction rehabilitation efforts and positive engagement are indeed commendable, and

---

[1] At either his 2008 sentencing hearing or currently, Mr. Cornelio-Legarda would be facing a recommended sentence on Count One of 360 months (30 years) to life imprisonment under the United States Sentencing Guidelines. (Doc. 941 pp. 21-22.)

he should be proud of himself for his hard work and dedication to improving himself. While his rehabilitation alone cannot amount to an extraordinary and compelling reason for a sentence reduction, the Court considers Mr. Cornelio-Legarda's rehabilitation efforts to be genuine, significant, and well beyond that ordinarily seen from other long-term prisoners.

Mr. Cornelio-Legarda also relies on COVID-19 as a justification for compassionate release. (Doc. 922; Doc. 940 pp. 11-12.) The Court finds his COVID-19 reasoning does not advance his extraordinary-and-compelling-reasons argument. He does not show that he exhausted his administrative remedies as to this issue by first presenting it to the Bureau of Prisons (BOP) for consideration. More than that, though, he has not suggested he suffers from a chronic condition the Centers for Disease Control (CDC) recognizes as a risk factor for severe illness or death were he to contract COVID-19, nor does he indicate his current vaccination status. (*See* Docs. 922, 940.) His argument that release from prison would reduce his exposure to COVID-19 is unconvincing and it does not amount to an extraordinary and compelling reason supporting a sentence reduction. "In other words, the Court looks to the specific circumstances faced by each defendant in determining whether the risk posed by COVID-19 is so extraordinary and compelling as to warrant a sentencing reduction." *United States v. Smallbear*, No. 1:04-CR-01558 KWR, 2021 WL 1381180, at *2 (D.N.M. Apr. 12, 2021) (unpublished).

In sum, the sentencing amendments of the First Step Act applicable to Mr. Cornelio-Legarda and his years of dedication to improving himself and others since his sentencing in this case combine to constitute extraordinary and compelling reasons that warrant a sentence modification.

3.  **Applicable 18 U.S.C. § 3553(a) Factors**

Even after establishing extraordinary and compelling reasons, Mr. Cornelio-Legarda must show that any sentence reduction or compassionate release conforms to the § 3553(a) factors. Section 3553(a) sets forth several factors for a court to consider when imposing a sentence. It provides that a sentencing court "shall impose a sentence sufficient, but not greater than necessary," and the factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in

           effect on the date the defendant is sentenced; or
(5)  any pertinent policy statement—
   (A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  Mr. Cornelio-Legarda's criminal history and the circumstances of his federal convictions are significant, and they demand a comparatively significant sanction. The Government accurately analyzes how, before this case, Mr. Cornelio-Legarda had two convictions that qualify as "serious drug felonies" under 21 U.S.C. § 841(b)(1)(A) (*see* Doc. 941 pp. 14-21), which the Court adopts here. Were he sentenced under current law in this case, he would face "a term of imprisonment of not less than 25 years." 21 U.S.C. § 841(b)(1)(A). This substantial mandatory minimum demonstrates the danger Mr. Cornelio-Legarda created by being heavily involved in a large drug conspiracy and illegally possessing weapons. These are very serious crimes that placed a great many lives in jeopardy. His repeat convictions demonstrate how his earlier sentences (*see* Docs. 941-1 and 941-2) did not make an appreciable impression upon him. A severe sanction was warranted in this case if for no other reason than to prevent Mr. Cornelio-Legarda from placing the public in danger through his repeated criminal conduct.

Additionally, a severe sanction remains warranted in this case. Mr. Cornelio-Legarda has served about 12 years on his sentences in this case, and a release at this time would minimize the severity of the federal offenses a jury found him to have committed.[2] Immediate compassionate release would afford inadequate deterrence to future criminal conduct, fail to reflect the very serious nature of Mr. Cornelio-Legarda's convictions, fail to promote respect for the law, and fail to provide a proper punishment for Mr. Cornelio-Legarda's repeated, dangerous criminal behavior.

That said, the Court agrees with the Government that Mr. Cornelio-Legarda's unique circumstances support a partial reduction in his sentence. The Court finds that a sentence more in line with the current sentencing scheme of § 841(b)(1)(A) would be sufficient but not greater than necessary to accomplish the goals of sentencing in this particular case. Based on the impressive rehabilitative strides shown by Mr. Cornelio-Legarda and Congress' amendments to the mandatory minimum sentence, a sentence reduction to that commensurate with what he would be facing were he sentenced now sufficiently satisfies the § 3553(a) factors.

Whether at his sentencing hearing in 2008 or now, the United States Sentencing Guidelines (USSG) would recommend a sentence on Count One in the range of 360 months (30 years) to life imprisonment. (Doc. 941 pp. 21-22.) At Mr. Cornelio-Legarda's sentencing hearing, the sentencing court commented that, in its view, while Mr. Cornelio-Legarda deserved a harsh sentence, imprisonment for 30 years (the bottom

---

[2] Mr. Cornelio-Legarda's argument comparing his sentence against those of his co-defendants (Doc. 940 pp. 10-11) is not well taken. His sentence is based on his convictions at a jury trial, his repeated serious drug felonies, and his other significant criminal history; his co-defendants' sentences were not.

end of the guideline range) instead of life would have been sufficient but not greater than necessary. (Sentencing Tr. 30:5-17.[3]) The Court finds that sentiment continues to hold true. Therefore, the Court will reduce Mr. Cornelio-Legarda's sentence on Count One from life imprisonment to 360 months (30 years), with all counts to remain concurrent to each other. The Court believes this sentence reduction is supported by and accounts for all the unique circumstances surrounding Mr. Cornelio-Legarda's case and demonstrated rehabilitation. *See Maumau*, 993 F.3d at 837.

## CONCLUSION AND ORDER

Mr. Cornelio-Legarda has demonstrated "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i) that justify a sentence reduction, but not immediate compassionate release. Based on the totality of the circumstances and considering all the § 3553(a) factors, the Court finds a reduction of Mr. Cornelio-Legarda's sentence on Count One to 360 months (30 years) is sufficient but not greater than necessary to promote the purposes of sentencing.

**IT IS THEREFORE ORDERED** that Defendant Esteban Cornelio-Legarda's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) "First Step Act" (Doc. 916) is hereby **GRANTED IN PART AND DENIED IN PART**. Mr. Cornelio-Legarda's request for immediate "compassionate release" is denied. His sentence on Count One is reduced from life imprisonment to a term of **360 months (30 years) of imprisonment**, with all counts to remain concurrent to each other. All other terms and

---

[3] Doc. 672.

conditions set forth in the Judgment (Doc. 606) not expressly modified herein shall remain in full force and effect.

**DATED:** August 4th, 2021.

Scott W. Skavdahl
United States District Judge